## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DAVID TAPIA,**
　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No.: 1:13-CV-00517 JAP/KBM

**JENNY DOVE,**
　　　　Defendant,

and

**JENNY DOVE AND DAVID TAPIA,**
　　　　Third-Party Plaintiffs,

v.

**STATE FARM FIRE AND CASUALTY CO.,**
　　　　Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

On July 2, 2013, Plaintiff David Tapia ("Tapia") filed a MOTION TO REMAND (Doc. No.

11) ("Motion to Remand") and PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF

MOTION TO REMAND (Doc. No. 12) ("Motion to Remand Brief"). Tapia argues that third-party

defendant State Farm Fire and Casualty Co. ("State Farm") improperly removed this case from state

court, and requests attorney's fees. *See* PLAINTIFF'S REPLY TO THIRD-PARTY DEFENDANT

STATE FARM FIRE AND CASUALTY COMPANY'S RESPONSE TO MOTION TO REMAND

(Doc. No. 14) ("Reply"). The Court agrees that State Farm's removal was improper, and will therefore

remand the case to the First Judicial District Court, County of Santa Fe, State of New Mexico, but the

Court will not award attorney's fees to Tapia.

## BACKGROUND

On or about August 24, 2007, Tapia was working in his job as a meter-reader for PNM, New

Mexico's primary utility company. *See* COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES

AND COMPENSATORY DAMAGES (Doc. No. 2-3) ("Complaint") at ¶ 5. Tapia approached a home

in Santa Fe that is owned by Betsy Joyce ("Joyce") and that was being rented by Defendant Jenny

Dove ("Dove"). *See id.* ¶ 6; *see also* NOTICE OF REMOVAL TO THE UNITED STATES

DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO (Doc. No. 2) ("Notice of Removal").

As Tapia walked up to the home, he saw Dove watering her flowers, and then saw her dog, a bull

mastiff, bounding toward him. *See id.* ¶ 8. The dog jumped on Tapia twice and threw Tapia to the

ground. *See id.* ¶ 11. Tapia sustained serious injuries and had to undergo surgery. *See id.* ¶¶ 29-33.

On April 30, 2010, Tapia filed suit against Joyce and Dove in the First Judicial District Court,

County of Santa Fe, State of New Mexico.[1] *See* Complaint. On April 18, 2012, that court granted

summary judgment to Joyce. *See* MOTION TO APPROVE REASONABLENESS OF THE

SETTLEMENT AGREEMENT BETWEEN PLAINTIFF DAVID TAPIA AND DEFENDANT

JENNY DOVE (Doc. No. 2-4) ("Motion to Approve Settlement"). Joyce is insured by State Farm, who

defended her in state court. *See* Notice of Removal at 2; Motion to Remand Brief at 2 (citing

AMENDED THIRD PARTY COMPLAINT FOR DECLARATORY JUDGMENT (Doc. No. 2-5)

("Amended Third Party Complaint") at ¶ 10). Although Dove requested that State Farm indemnify and

defend her in state court, State Farm has refused to do so on the belief that Dove "is not an insured

under Betsy Joyce's State Farm policy." Notice of Removal at 2.

Subsequently, in June 2012 Tapia entered a settlement with Dove for $107,000. *See id.* As part

of the settlement agreement, Dove assigned her rights in any claim against State Farm to Tapia. *See id.*

The settlement is still pending, as it is subject to the state court's approval.[2] *See id.*; *see also* Motion to

Approve Settlement. On April 3, 2013, Tapia filed the Amended Third Party Complaint in state court,

naming State Farm as a third party defendant. *See id.* The Amended Third Party Complaint solely

"ask[s] the state court to declare that State Farm breached the duty to defend and indemnify Dove in

---

[1] Tapia also sued Joyce's domestic partner, Sarah McGrath ("McGrath"), in the original state court action, on the belief that McGrath owned the property with Joyce. *See* Complaint at 2. However, the state court dismissed the Complaint's claims against McGrath because she lacks an ownership interest in the property. *See* Notice of Removal at 2.
[2] According to Tapia, a hearing on the Motion to Approve Settlement was scheduled for July 25, 2013, but according to the state court's docket, no hearing has been held. *See* Motion to Remand Brief at 3.

the underlying action." Motion to Remand Brief (citing Amended Third Party Complaint). Finally, on

June 3, 2013, State Farm removed the case to this Court. *See* Notice of Removal.

## DISCUSSION

### A.  Law Regarding Removal and Remand

Federal courts are courts of limited jurisdiction, and must have a statutory or constitutional

basis to exercise jurisdiction over any controversy. *See Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir.

2002); *see also United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) (explaining that "[f]ederal

courts . . . are not omnipotent. They draw their jurisdiction from the powers specifically granted by

Congress, and the Constitution, Article III, Section 2, Clause 1."). Under 28 U.S.C. § 1441(a),

> any civil action brought in a State court of which the district courts of the United States
> have original jurisdiction, may be removed by the defendant or the defendants, to the
> district court of the United States for the district and division embracing the place where
> such action is pending.

State Farm bases its claim that this Court has original jurisdiction over the case on diversity of

citizenship under 28 U.S.C. § 1332. *See* Notice of Removal at 3. This statute requires both diversity of

citizenship between plaintiffs and defendants and an amount in controversy exceeding $75,000.

### 1.  Presumption Against Removal

"The courts must rigorously enforce Congress' intent to restrict federal jurisdiction in

controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339

(10th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). The

presumption is thus against removal jurisdiction, and courts must refrain from exercising jurisdiction in

cases where such jurisdiction does not affirmatively appear on the record. *See Ins. Corp. of Ireland,*

*Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Laughlin v. Kmart Corp.*, 50

F.3d 871, 873 (10th Cir. 1995). "Removal statutes are to be strictly construed, and all doubts are to be

resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). It is

the defendant's burden, as the removing party, to establish by a preponderance of the evidence that

removal is proper. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

2.   Procedural and Time Requirements for Removal

The procedural requirements for removal are set forth in 28 U.S.C. § 1446. "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)). Section 1446(b) states first that a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." But the thirty-day "removal period does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman*, 194 F.3d at 1078 (quoting *DeBry v. Transamerica Corp*., 601 F. 2d 480, 489 (10th Cir. 1979)). Therefore, if a case's "initial pleading" does not show it to be "removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). However, even with that escape valve, "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." *Id.*

3.   Removable Actions

Under § 1441(a), defendants may remove "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction." Many courts have had opportunity to consider what constitutes "a civil action." Most relevant to the present case is the question of whether actions related to an original case—for example, declaratory judgment actions, garnishment actions, attorney's fees actions, and the like—are their own separate "civil actions" that may be removed apart from the underlying action, or whether they are part and parcel with that underlying action. In one early case, the Tenth Circuit held that a garnishment proceeding, which arose after judgment was entered in the underlying proceeding, could be removed because it was "wholly separable from the

issues" in the underlying judgment. *London & Lancashire Indem. Co. of Am. v. Courtney*, 106 F.2d 277 (1939). The Fifth Circuit has also recognized that garnishment actions are generally separate and therefore removable. *See Berry v. McLemore*, 795 F.2d 452, 455 (1986) (explaining that "garnishment actions against third parties are construed as independent actions"). Similarly, the Tenth Circuit held that judgment creditors' actions to recover on a liability policy after an unsatisfied state court judgment were removable. *See Adrianssens v. Allstate Ins. Co.*, 258 F.2d 888 (1958). At least one district court in this Circuit has held, in this vein, that a bad faith claim against an insurer was, under that case's circumstances, a separate action. *See Nungesser v. Bryant*, 2007 WL 4374022 (D.Kan. Dec. 7, 2002).

The key, as other district courts have noted, is that the removed action must be "distinct" from the underlying actions. *See Smotherman v. Caswell*, 756 F.Supp. 346 (D.Kan. 1990); *Bridges for Bridges v. Bentley by Bentley*, 716 F.Supp. 1389 (D.Kan. 1989). Determining whether the new action is "distinct" requires careful evaluation of the action that was removed as well as whatever remains in state court. *See Davenport v. Hamilton, Brown, & Babst, LLC*, 624 F.Supp.2d 542, 546 (M.D.La. 2008) (finding attorney's fees action to be "new and separate civil action"). Certainly, "there are limitations on what can be considered a civil action," and even if a new proceeding in state court has some differences in subject matter or parties, it may still be ancillary to the original action in all the meaningful ways. *Mach v. Triple D Supply, LLC*, 773 F.Supp.2d 1018, 1027 (D.N.M. 2011) (quoting 14B C. Wright, A. Miller, E. Cooper, R. Freer, J. Stainman, C. Struve, & V. Amark, *Federal Practice & Procedure Jurisdiction* § 3721, at 34-36 (4th ed. 2009 & Supp. 2010) for the proposition that there is "a sensible judge-made limitation—stemming from the civil action requirement—that proceedings that are ancillary to an action pending in state court cannot be removed separately from the main claim"). For reasons of judicial efficiency and comity, which underlie the rule in § 1441(a), such ancillary proceedings are not removable. *See W. Med. Props Corp. v. Denver Opportunity, Inc.*, 482 F. Supp. 1205, 1207 (D.Colo. 1980) ("It is a well settled rule that a suit which is merely ancillary or supplemental to another action cannot be removed from a state court to a federal court.").

4.   Third-Party Defendants' Right of Removal Under 28 U.S.C. § 1441(a)

The Supreme Court has held that only original defendants, not cross-defendants, may remove a case from state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) (interpreting former removal statute, which allowed an action to be removed "by the defendant or defendants," as precluding a plaintiff/cross-defendant from removing an action on the basis of a counterclaim). Most, though not all, federal courts to consider the question have interpreted the Supreme Court's holding as also applying to third-party defendants. *See Mach*, 773 F.Supp.2d at 1034-39 (listing cases); *NCO Fin. Sys., Inc. v. Yari*, 422 F.Supp.2d 1237, 1239-40 (D.Colo. 2006) (noting cases allowing third-party removal). The Tenth Circuit has not addressed the issue of whether third-party defendants may remove a case. *See Wiatt v. State Farm Ins. Co.'s*, 560 F.Supp.2d 1068, 1077 (D.N.M. 2007). However, most district courts in the Circuit have followed the majority rule that third-party defendants may not remove a case from state court. *See Fed. Nat'l Mortg. Ass'n v. Sechrist*, 2012 WL 3778288 (D.Colo. Aug. 30, 2012) (finding no "case from within this Circuit that has allowed a third-party defendant to remove a case from state court. . . . [but finding] a plethora of contrary authority"); *see also Mach*, 773 F.Supp.2d at 1050-52; *Wild Horse Receivables, LLC v. Marosi*, 2010 WL 4595674, at *1-*2 (D.Colo. Nov. 5, 2010); *Bank of Am. v. Byrom,* 2010 WL 5170530, at *1 (D.Utah Dec. 14, 2010); *Oklahoma v. 1983 Porsche*, 2008 WL 4570315, at *4 (N.D.Okla. Oct. 10, 2008); *Stillwater Nat'l Bank & Trust Co. v. Perryman Family Revocable Trust*, 2006 WL 3716894, at *3-*4 (N.D.Okla. Dec. 14, 2006); *NCO Fin. Sys., Inc.*, 422 F.Supp.2d at 1239-40; *Menninger Clinic Inc. v. Schilly*, 1992 WL 373927, at *1-*2 (D.Kan. Nov. 23, 1992); *Radio Shack Franchise Dep't v. Williams*, 804 F.Supp. 151, 152-53 (D.Kan. 1992); *Elkhart Co-op Equity Exch. v. Day,* 716 F.Supp. 1384, 1385, 1387 (D.Kan. 1989). *But see Rivera v. Fast Eddie's, Inc.*, 829 F.Supp.2d 1088 (D.N.M. 2011) (denying motion to remand after finding that third-party defendant was effectively a regular defendant under case's circumstances).

The majority rule disallowing third-party defendants from removing is largely based on *Shamrock*'s narrow construction of the phrase "defendant or defendants" in § 1441(a)'s predecessor

statute, to mean only original defendants. *See NCO Fin. Sys.*, 422 F.Supp.2d at 1239-40. Although this is not a "necessary construction" of § 1441(a), it does hew to the presumption against removal and expansion of federal court jurisdiction, and also prevents a plaintiff from being forced to litigate in federal court when she has chosen to litigate in state court. *Id.* at 1240 (citing *Monmouth-Ocean Collection Serv., Inc. v. Klor*, 46 F.Supp.2d 385 (D.N.J. 1999); *Shamrock*, 313 U.S. at 108-09). However, these policy justifications are more relevant when the third-party claim at issue is one that was joined by the third-party defendant itself. When the plaintiff has filed the third-party claim, so that the third-party defendant is being "haled into court involuntarily [on that claim] and has an interest in having the case against it heard in a federal forum," then the issues may be considerably different. *NCO Fin. Sys.* at 1240 (citing *Monmouth-Ocean Collection Serv., Inc.*, 46 F.Supp.2d at 392).

## B. Analysis of Motion to Remand

The issue before the Court is, of course, not whether the action brought by Tapia and Dove against State Farm is meritorious. Rather, the issue is whether State Farm, as a third party defendant, has any right to remove that action to federal court and, if State Farm does have that right, whether State Farm complied with the procedural requirements for removal. The parties make numerous arguments against and for the proposition that State Farm had the right to remove the case.

### 1. Tapia's Arguments In Favor of Remand

Tapia makes two main arguments.[3] First, Tapia asserts that "State Farm, as a third-party defendant, cannot remove this action." Motion to Remand Brief at 5 (citing *Sechrist*, 2012 WL 3778288 at *3, as holding that "the overwhelming weight of authority . . . is that a third-party defendant may not remove an action"). Second, Tapia says that even if State Farm were able, as a third-party defendant, to remove the case, the removal was untimely. *See id.* at 5-7. Tapia notes that State Farm removed the case on June 3, 2013, over three years after the underlying action was filed in

---

[3] Because the Court finds that State Farm's removal was improper, as discussed below, the Court does not address Tapia's alternative argument that the Court should decline jurisdiction.

state court. *See id.* at 7. Tapia points to § 1446(b)'s one-year requirement for removal as a bar to State Farm's removal. *See id.* In Tapia's view, because the Amended Third Party Complaint is not a separate "civil action" under § 1446(a), and State Farm was aware of the state court proceedings against Joyce and Dove from the beginning, State Farm "is time-barred from removing this case." *Id.* at 7.

    2.  State Farm's Arguments Against Remand

State Farm argues that it "can remove this case under § 1441 if it can show that Plaintiff's Amended Complaint is a 'civil action.'" Response at 1 (citing *Mach*, 773 F.Supp.2d at 1024, for the proposition that the Court must evaluate the character of the removed suit). State Farm points out that "[a] new civil action can occur where a new cause of action is a 'suit involving a new party and litigating the existence of a new liability.'" *Id.* at 2 (quoting *Bridges*, 716 F.Supp. at 1392). State Farm notes that in garnishment actions and in actions involving disputes over attorneys' fees after a settlement, courts have allowed third party defendants to remove because such actions are new, distinct from the underlying action from which they arose. *See id.* (citing *London & Lancashire Indem. Co. of Am.*, 106 F.2d at 283-84 (garnishment); *Davenport*, 624 F.Supp.2d at 546 (attorneys' fees)). State Farm analogizes Tapia's declaratory judgment action to a garnishment action, noting that "like in the garnishment cases . . . , the parties have settled the underlying claim, and now seek payment from a new party. . . . [H]ad David Tapia and Jenny Dove filed a separate suit for declaratory judgment the case would certainly have been removable. . . . [T]he declaratory judgment sought by [Tapia] is a separate and distinct issue from the underlying litigation." Response at 3. State Farm argues that because the underlying state case was one for personal injury, not for anything to do with State Farm and its responsibilities to Dove, Tapia's choice to file the declaratory action "on the eve of the settlement [between Tapia and Dove] being approved" shows that Tapia is engaged in "procedural fencing . . . to frustrate State Farm's ability to have its case heard in federal court." *Id.*

State Farm next addresses Tapia's argument that State Farm did not remove the case within § 1446(b)'s one-year time limit. *See id.* State Farm contends that since, based on its arguments above,

"the amended case is a new civil action, the time limits provided by 1446(b) are triggered by the simultaneous service of the summons and complaint" in the third-party declaratory action, not by the time in the first action. *Id.* State Farm argues that Tapia's claim that State Farm should have removed sooner is "disingenuous," since State Farm was not a party to the underlying action. *Id.* at 3-4 (citing *Davenport*). Similarly, State Farm says that because the declaratory judgment action is a "new civil action[,] . . . State Farm is an original defendant and allowed to remove this case." *Id.* at 4. State Farm believes that since Tapia was the original plaintiff in state court, and is now "asserting claims against State Farm, State Farm cannot be properly considered a third party defendant," and thus that the case law preventing third-party defendants from removing cases is inapplicable here. *Id.* (citing *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333-34 (4th Cir. 2008) (explaining that "additional counter-defendants, like third-party defendants, are certainly not defendants against whom the original plaintiff asserts claims[, so are] . . . not a "defendant" for purposes of § 1441(a)."").

3. Tapia's Reply to State Farm's Arguments

In his Reply, Tapia first contends that State Farm "is not a third-party in name only," because in indemnity claim situations it is both common for third-party actions to be brought and "also required of insurers by law to bring an action before the court when coverage is in dispute." Reply at 3. Tapia then argues that State Farm incorrectly assumes that a "third-party complaint is analogous to a garnishment claim, a position that has been soundly rejected." Reply at 4-5 (citing *Johnson v. Great Am. Ins. Co.*, 213 F.Supp.2d 657 (S.D.Miss. 2001) (remanding declaratory judgment action removed by insurers in ongoing class action asbestos case). Tapia asserts again that the Amended Third Party Complaint "is a third-party complaint that Congress and the Supreme Court have unequivocally intended not to be subject to removal to the federal courts." *Id.* at 5.

Next, Tapia repeats his argument that State Farm's removal, even if possible given State Farm's third-party status, was untimely. *See id.* at 5-6. Tapia notes that State Farm has been aware of the issue of Dove's coverage since April 30, 2010, when Tapia filed the underlying state court action

against Dove and Joyce. *See id.* at 5. Dove asked State Farm to defend her at that time, but State Farm refused. *See id.* Tapia cites New Mexico law that Tapia believes establishes State Farm's error in denying coverage to Dove and not seeking a court determination of its obligations. *See id.* at 6-7. Tapia argues that "State Farm's incorrect tactical decision [not to defend Dove or seek a court determination] cannot now be permitted to excuse it from § 1446(b)'s one-year removal requirement. *See id.* at 7.

4.  State Farm's "Third-Party Defendant" Status Would Not Preclude Removal

Upon initial review of the many cases cited above disallowing third-party removal, the answer to the question of whether State Farm, a third-party defendant, properly removed this case, appears to be a clear "no." However, a closer reading of those cases, one that accounts for the characteristics of the third-party defendants who are precluded from removing a case, demonstrates that this case, and State Farm's "third-party" status, make the situation and the Court's analysis somewhat different. For instance, in a case from the District of Colorado, the plaintiff filed the underlying case in state court, seeking payment of a debt owed by defendants. *See NCO Fin. Sys., Inc.*, 422 F.Supp.2d at 1238-39. The defendants' answer included a third-party complaint against their medical insurance provider; that medical insurance provider, a clear third-party defendant, then removed the case to federal court. *See id.* at 1239. Similarly, in a case from the District of Utah, the plaintiff bank filed a foreclosure complaint against defendant individuals in state court. *See Byrom*, 2010 WL 5170530 at *1. When defendants filed their answer, they included a third-party complaint against a finance company, which subsequently removed the case. *See id.* Both situations are representative of the factual circumstances that have been presented to the courts that have ruled against third-party removal. As discussed above, in such cases many policy justifications, as well as a necessarily narrow reading of § 1441(a) to prevent expansion of federal jurisdiction, counsel against allowing third-party removal.

However, not all "third-party defendants" equally deserve that description. Neither party cites *Rivera v. Fast Eddie's, Inc.*, a recent opinion from this District, but the Court finds it to be instructive, given that *Rivera*'s facts closely resemble those here. *See* 829 F.Supp.2d 1088. In *Rivera*, a plaintiff

brought a personal injury suit in state court against a four-wheeler tour operator called Fast Eddie's, which had two insurance carriers. *See id.* at 1090. One of the carriers provided Fast Eddie's with legal counsel and helped to settle the case between the plaintiff and the operator. *See id.* The settlement assigned to the plaintiff Fast Eddie's claims against Fast Eddie's other carrier, Valley Forge. *See id.* Valley Forge was not named as a party in the state court complaint, but it did participate in some of the state court proceedings. *See id.* The plaintiff sued Valley Forge, asserting Fast Eddie's claims against Valley Forge for breach of contract and bad faith. *See id.* Valley Forge removed the case to federal court. *See id.* The plaintiff moved to remand, arguing that (1) Valley Forge was a third-party defendant not entitled to remove under § 1441, and (2) even if Valley Forge could remove, it did so outside the one-year window set by § 1446(b). *See id.* at 1091. In his opinion denying the motion to remand, The Honorable United States District Judge William P. Johnson first noted federal courts' split in opinion on permissibility of third-party removal. *See id*. However, Judge Johnson explained, *Rivera*'s facts meant that he did "not [need to] come down definitively upon one side or other of the controversy" over whether third-party defendants can remove. *Id.* This was so, Judge Johnson said, because:

> . . . the original controversy is no longer in litigation; all claims between the original Plaintiff and Defendants have been resolved in a court-approved settlement. Rivera is pursuing its current claim by virtue of an assignment that was a part of her settlement with Fast Eddie's. Therefore, this is not a case where Plaintiff's choice of forum could be defeated by the actions of a party against which she did not bring suit. Rivera, the original Plaintiff, is indeed bringing suit against Valley Forge, though she is doing so in the shoes of Fast Eddie's, the original Defendant. Therefore, for all practical intents and purposes, this suit is identical to an ordinary claim by a plaintiff (Rivera) against a defendant (Valley Forge). It would be anomalous on the one hand to accord an ordinary defendant a right of removal, while on the other hand denying Valley Forge that right simply because of the peculiar stylings of state-law procedure.

*Id.* at 1091-92. As a result of this evaluation of *Rivera*'s facts, Judge Johnson held that he would "treat Valley Forge as a defendant for purposes of § 1441(a), and accord it a right of removal." *Id.* at 1092. Furthermore, because of the same conclusion that Rivera had essentially instituted a new suit against Valley Forge, Judge Johnson also rejected Rivera's argument that the case should be remanded because removal was untimely. *See id.* at 1092-93.

11

Here, like Valley Forge in *Rivera*, State Farm was involved in the original state court case between Tapia, Dove, and Joyce, in that State Farm defended and indemnified Joyce. However, it was not a defendant in that original action. And just as in *Rivera*, after the original plaintiff and original defendant in this case settled their claims, the defendant assigned her claims against an insurer to the plaintiff.[4] This Court agrees with Judge Johnson's assessment that for all intents and purposes, a third-party defendant in this situation is essentially a regular defendant. Furthermore, unlike many of the other cases cited above and by Tapia, State Farm became a defendant here because Tapia and Dove sued State Farm, not because a defendant interpleaded State Farm as part of its own defense. Again, except for the label of "third-party defendant" given to State Farm by Tapia, State Farm is in the position of a regular defendant and is therefore entitled under § 1446(a) to choose a federal forum for separate "civil actions" brought against it. As discussed below, the Court finds that the Amended Third Party Complaint is not a separate "civil action" that may be removed, but it is not State Farm's third-party defendant status that leads to that determination.

5. Tapia and Dove's State Court Declaratory Judgment Action Is Not a Separate "Civil Action" Under § 1446(b)

Defendants may remove "[a]ny civil action brought in a State court" if the federal district court would have original jurisdiction over such action. 28 U.S.C. § 1441(a). The Court agrees with Tapia that the declaratory judgment action at issue here is not a "civil action" that may be removed under this provision, because it is "merely ancillary or supplemental" to the underlying state court case. *W. Med. Props. Corp.*, 482 F.Supp. at 1207. Unlike the plaintiff in *Rivera*, Tapia has not also sued State Farm for bad faith breach of insurance contract, violation of the state insurance practices act, or bad faith failure to indemnify. As Tapia points out, the Amended Third Party Complaint is only a request for declaratory judgment on State Farm's duty to defend and indemnify Dove. Motion to Remand Brief at

---

[4] The Court notes that, unlike in *Rivera*, the settlement in this case has not received final approval from the state court. *See* Motion to Remand Brief at 2. However, this is distinction without a difference, at least for the purposes of assessing State Farm's status as a "third-party defendant."

3. Although this request certainly poses a different issue from that in the underlying personal injury litigation, that does not mean that the present action is not still "ancillary" to the underlying litigation. The issue presented by the declaratory judgment action is whether State Farm had a duty to Dove in that underlying action. The state court has already addressed the issue of Joyce's liability, a matter in which State Farm was involved because it defended her under her insurance policy. The state court also has Tapia and Dove's settlement agreement before it. Tapia and Dove's declaratory judgment action, which asks for a determination of Dove's rights as the person renting Joyce's home, which was insured by State Farm, is supplemental to those proceedings. Again, this conclusion is not changed by a recognition that the present action poses different issues from those addressed in the other state proceedings. The Court disagrees with State Farm's analogy to garnishment actions, which take place after all other questions have been settled and do not involve issues related to rights and liabilities in the underlying case. The issue of State Farm's liability to Dove is too connected to the issues in the underlying action for the Court to consider this a separate "civil action" that may be removed under § 1446(a). *See Davenport*, 624 F.Supp.2d at 546 (explaining that in determining what constitutes a distinct civil action, "the court should evaluate both the separate character of the sought-to-be-removed 'civil action,' as well as the other side of the coin-its connection to the overall litigation") The state court is in the proper position to consider this supplemental issue.[5]

## C.  The Court Will Not Award Attorney's Fees to Tapia

Tapia requests that the Court award him attorney's fees for his expenses related to the removal of this case from state court. *See* Motion to Remand Brief at 10; Reply at 10. Tapia cites a Supreme Court case holding that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546

---

[5] The Court will not address the separate question of whether State Farm removed the case timely because of this conclusion that the case is not a removable action in the first place.

U.S. 132 (2005)). Tapia argues that no "objectively reasonable basis" for removal by State Farm existed, because of the consistent case law holding that third-party defendants may not remove. *See id.* at 10-11. Tapia contends that "State Farm removes cases as a standard practice, with little regard for the details of each individual case," and that the Court should award Tapia fees in order to "deter State Farm from" this automatic removal approach that does not take into account applicable law relevant to a particular case. *Id.* at 11. State Farm does not address the attorney's fees request in its Response.

As noted, most of Tapia's arguments for why it was unreasonable for State Farm to remove the case revolve around Tapia's argument that State Farm, as a third-party defendant, could not remove the case. The Court, however, determined that State Farm's third party defendant status would not have precluded its removal of a separate civil action. The Court also believes that, while it is confident that this particular declaratory judgment action is not a separate "civil action" under § 1446(a), in many cases reasonable minds may differ on what exactly constitutes a separate "civil action," especially in the absence of much case law on the subject. Therefore, the Court cannot agree with Tapia that State Farm lacked an "objectively reasonable basis" for removing the case. As a result, the Court will deny Tapia's request for attorney's fees.

**IT IS ORDERED THAT**

(1) PLAINTIFF DAVID TAPIA'S MOTION TO REMAND (Doc. No. 11) is GRANTED IN PART AND DENIED IN PART.

(2) THIS CASE WILL BE REMANDED TO THE FIRST JUDICIAL DISTRICT COURT, COUNTY OF SANTA FE, STATE OF NEW MEXICO.

_____
SENIOR UNITED STATES DISTRICT JUDGE